FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 22  PM 3: 28

CLERK'S OFFICE
AT BALTIMORE

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No.: GLR-15-034 |
| ) | |
| v.  ) | Date: |
| ) | |
| TORU OTODA, ) | |
| ) | Violation: 15 U.S.C. § 1 |
| Defendant. ) | |
| ) | |

## INFORMATION

### CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

THE UNITED STATES OF AMERICA, THROUGH ITS ATTORNEYS, CHARGES:

**Defendant and Co-Conspirators**

1. During the period covered by this Information, Toru Otoda ("Defendant") was employed by Kawasaki Kisen Kaisha, Ltd. ("K-Line"), a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan. During the period covered by this Information, Defendant was employed as a general manager of the car carrier division of K-Line. During the period covered by this Information, K-Line was engaged in the business of providing international ocean shipping services for roll-on, roll-off cargo to and from the United States and elsewhere. Roll-on, roll-off cargo is non-containerized cargo that can be both rolled onto and rolled off of an ocean-going vessel. Examples of such cargo include new and used cars and trucks and construction and agricultural equipment.

2. Other corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

4. During the period covered by this Information, Defendant and his co-conspirators were engaged in the business of providing international ocean shipping services for roll-on, roll-off cargo to and from the United States and elsewhere. The international ocean shipment of roll-on, roll-off cargo as used herein is defined as deep-sea or trans-ocean transportation and does not include short-sea or coastal water freight transportation between the contiguous and non-contiguous states and territories of the United States.

## Conspiracy to Restrain Trade

5. From at least as early as November 2010 until at least September 2012, the exact dates being unknown to the United States, Defendant and his co-conspirators participated in a conspiracy among ocean carriers of roll-on, roll-off cargo, to suppress and eliminate competition by allocating customers and routes, rigging bids, and fixing prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

6. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to allocate customers, rig bids, and to fix, stabilize, and maintain prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere.

## Manner and Means of the Conspiracy

7. For purposes of forming and carrying out the charged combination and conspiracy, Defendant or his co-conspirators did those things that they combined and conspired to do, including, among other things:

(a) attended meetings or otherwise engaged in communications regarding certain bids and tenders for international ocean shipping services for roll-on, roll-off cargo;

(b) agreed during those meetings and other communications to allocate customers by not competing for each other's existing business for certain customers on certain routes;

(c) agreed during those meetings and other communications not to compete against each other on certain tenders by refraining from bidding or by agreeing on the prices they would bid on those tenders;

(d) discussed and exchanged prices for certain customer tenders so as not to undercut each other's prices;

(e) submitted bids in accordance with the agreements reached; and

(f) provided international ocean shipping services for certain roll-on, roll-off cargo to and from the United States and elsewhere at collusive and non-competitive prices.

## Trade and Commerce

8. During the relevant period, K-Line and its co-conspirators provided international ocean shipping services for roll-on, roll-off cargo imported into, and exported from, the United States. Substantial quantities of such cargo, as well as payments for such services, traveled in

interstate and foreign commerce. The business activities of the defendant and his co-conspirators in connection with the international ocean shipment of roll-on, roll-off cargo to and from the United States were within the flow of, and substantially affected, interstate and foreign trade and commerce.

### Jurisdiction and Venue

9. The combination and conspiracy charged in this Information was carried out within the District of Maryland, at least in part, within the five years preceding the filing of this Information. The Port of Baltimore, located in this District, is one of the largest ports in the United States for the import and export of new automobiles. During the relevant period, the K-Line or its co-conspirators exported new cars and trucks affected by the offense charged herein from the Port of Baltimore.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: January 22, 2015

_____
William J. Baer
Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Brent Snyder
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Marvin N. Price
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice

_____
Carsten M. Reichel
Jon B. Jacobs
Craig Y. Lee
Richard A. Hellings, Jr.
Emma M. Burnham
United States Department of Justice
Attorneys, Antitrust Division
United States Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C. 20530
(202) 514-5012
carsten.reichel@usdoj.gov